UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   #39/40 JS-6

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **The Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.**

Before the Court are two motions: (1) a motion for summary judgment filed by Plaintiff Los Angeles SMSA Limited Partnership d/b/a Verizon Wireless ("Verizon"), *see generally* Dkt. # 39 ("*Verizon Mot.*"); and (2) a motion for summary judgment filed by Defendant City of Malibu ("City"), *see generally* Dkt. # 40-1 ("*City Mot.*").[1]  City opposed Verizon's motion, *see generally* Dkt. # 42 ("*City Opp.*"), and Verizon replied, *see generally* Dkt. # 43 ("*Verizon Reply*").  Verizon opposed City's motion, *see generally* Dkt. # 41 ("*Verizon Opp.*"), and City replied, *see generally* Dkt. # 44 ("*City Reply*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court **DENIES** Verizon's motion for summary judgment and **GRANTS** City's motion for summary judgment.

I.   Background

To provide essential context for the underlying facts, the Court first must outline the applicable statutes and regulations at play in this case.

A.   Statutory and Regulatory Background

The parties' dispute centers around § 6409 of the Middle Class Tax Relief and Job Creation Act of 2012 ("Spectrum Act"), 47 U.S.C. § 1455, along with its implementing regulations promulgated by the Federal Communications Commission ("FCC").  The Court (i)

---

[1] The Court cites City's memorandum in support of its motion because it contains City's substantive arguments.  City's motion itself is Docket Entry # 40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

describes the pertinent Spectrum Act provision and implementing regulations and then (ii) turns to another statute raised in this dispute—§ 332(c)(7) of the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)—and its implementing regulations.

   *i.*   *Section 6409 of the Spectrum Act*

The Spectrum Act limits state and local government control over modifications to existing wireless telecommunications facilities. *See* 47 U.S.C. §1455. Section 6409 of the Act provides that state and local governments "may not deny, and shall approve, any eligible facilities request for a modification of an existing wireless tower or base station that does not substantially change the physical dimensions of such tower or base station." *Id.* § 1455(a)(1).

FCC regulations define an eligible facilities request ("EFR") as "[a]ny request for modification of an existing tower or base station that does not substantially change the physical dimensions of such tower or base station," including through "[c]ollocation of new transmission equipment." 47 C.F.R. § 1.6100(b)(3). Collocation involves installing transmission equipment on an existing tower or "base station," which is any "structure or equipment at a fixed location" that enables wireless communication. *Id.* § 1.6100(b)(1)–(2), (b)(4). A request to modify an existing tower or base station "substantially changes the physical dimension of an eligible support structure," i.e., a tower or base station, if it meets any of a list of enumerated criteria, including if it "entails any excavation or deployment [of transmission equipment] outside of the current site . . . by more than 30 feet in any direction." *Id.* § 1.6100(b)(7), (b)(7)(iv).

A locality has 60 days from the filing of an EFR application to approve the application, "unless it determines that the application is not covered by this section," and the 60-day time period "may be tolled . . . by mutual agreement." 47 C.F.R. § 1.6100(c)(2)–(3). This 60-day "shot clock," as it is commonly called, is triggered when the applicant "takes the first procedural step that the local jurisdiction requires" for reviewing applications under § 6409 and submits written documentation showing that its application is an EFR. *In the Matter of Implementation of State & Loc. Governments' Obligation to Approve Certain Wireless Facility Modification Requests Under Section 6409(a) of the Spectrum Act of 2012*, Declaratory Ruling and Notice of Proposed Rulemaking, 35 F.C.C. Rcd. 5977, ¶ 16 (2020) ("2020 Ruling").

If the locality neither approves nor denies the application within the 60-day time period, accounting for tolling, "the request shall be deemed granted." *Id.* §1.6100(c)(4). A deemed grant becomes effective once the applicant notifies the locality in writing, after the end of the review period, that its application is deemed granted. *Id.* However, the FCC has indicated that

| | | | | |
|---|---|---|---|---|
| Case 2:21-cv-01827-PSG-PVC | Document 48 | Filed 10/07/21 | Page 3 of 14 | Page ID #:996 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

the "deemed granted" remedy only applies if the application qualifies as an EFR. *See In the Matter of Acceleration of Broadband Deployment by Improving Wireless Facilities Siting Pol'ys*, Report and Order, 29 F.C.C. Rcd. 12865, ¶ 216 (2014) ("*2014 Order*"); 2020 Ruling ¶ 21.

FCC regulations permit applicants and reviewing authorities to bring claims under § 6409(a). 47 C.F.R. § 1.6100(c)(5); 2014 Order ¶ 236. Such claims must be asserted "within 30 days of the date of the relevant event," such as the denial of the application or notice of the deemed grant. 2014 Order ¶ 236.

> ii. *Section 332(c)(7) of the Telecommunications Act*

The Telecommunications Act provides another route to collocate wireless equipment on existing structures. Section 332(c)(7) limits state and local government control over modification of personal wireless service facilities. 47 U.S.C. 332(c)(7). If a locality's reviewing authority "finds that Section 6409(a) does not apply" to a purported EFR application, the locality can review the application under § 332(c)(7) and may request additional information it needs to do so. 2014 Order ¶ 220.

Localities have 90 days to review collocation applications under § 332(c)(7), but unlike for EFR applications under § 6409, failure to approve or deny an application under § 332(c)(7) does not deem the application granted. *Id.* ¶ 284. However, applicants "adversely affected by any final action or failure to act" by the locality can bring suit within 30 days. 47 U.S.C. § 332(c)(7); 2014 Order ¶ 281.

> B. Factual and Procedural Background

On June 16, 2020, Verizon representative Chris Colten ("Colten") submitted an application ("application" or "Verizon's application") to City regarding the installation of proposed wireless facilities at a property where T-Mobile already maintained facilities. *Plaintiff's Statement of Uncontroverted Facts*, Dkt. # 39-1, ¶ 1 ("*PSUF*"); *City of Malibu's Statement of Genuine Issues of Material Fact*, Dkt. # 42-1, ¶ 1 ("*DSGIMF*"). City assigned it the case number WCF 20-013. *PSUF* ¶ 3; *DSGIMF* ¶ 3. The application did not state that it qualified as an EFR or that Verizon sought review under § 6409. *City of Malibu's Statement of Undisputed Facts*, Dkt. # 40-2, ¶ 6 ("*DSUF*"); *Plaintiff's Response to Defendant's Statement of Undisputed Facts*, Dkt. # 41-1, ¶ 6 ("*PRDSUF*").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

Verizon's application sought permits to install antennas and other infrastructure on a roof and to locate a generator and power trench on the ground "elsewhere on the [p]roperty." *DSUF* ¶ 4; *PRDSUF* ¶ 4. The property's existing T-Mobile facilities are located on an office complex, which City describes as "three separate buildings connected by covered walkways," *DSUF* ¶ 1; *Defendant's Response to Plaintiff's Statement of Genuine Disputes of Material Facts*, Dkt. # 44-1, ¶ 1 ("*DRPSGD*"), and Verizon characterizes as "three, two-story offices" comprising one structure connected by covered walkways and "one single roof," *PRDSUF* ¶ 3. City claims that the T-Mobile facilities are located on the roof of Building C and that Verizon applied to locate its infrastructure on the roof of Building B, *DSUF* ¶ 1; *DRPSGD* ¶ 1, while Verizon asserts that its application sought to locate facilities "on the roof of a single structure," *PRDSUF* ¶ 1. Verizon does not dispute that its application "proposes to excavate at a location over 200 feet from the nearest edge of Building C to install its proposed generator," but claims that the distance from Building C is irrelevant because the proposed excavation is within 30 feet of the boundaries of the "entire connected complex." *DSUF* ¶ 73; *PRDSUF* ¶ 73.

On July 2, 2020, Tyler Eaton ("Eaton"), an assistant planner for City, e-mailed Colten stating that Verizon's application was incomplete. *PSUF* ¶ 4; *DSGIMF* ¶ 4; Dkt. # 39-6. About two weeks later, Colten replied with an e-mail stating that "Verizon feels that its proposed wireless facility . . . meets the requirements of an eligible facility request (EFR) under code section 6409," along with a letter requesting that City process Verizon's application as an EFR under § 6409. *PSUF* ¶ 5; *DSGIMF* ¶ 5; *DSUF* ¶ 15; *Declaration of Chris Colten*, Dkt. # 39-3, ¶ 11 ("*Colten Decl.*"); Dkt. # 39-7. Five days later, Eaton responded. *PSUF* ¶ 6; *DSGIMF* ¶ 6; *Colten Decl.* ¶ 12; Dkt. # 39-8.

Although the parties dispute whether Eaton's response denied Verizon's EFR application, *DSUF* ¶ 20; *PRDSUF* ¶ 20, Eaton's July 20 e-mail plainly states that City had reviewed Verizon's application as an EFR under § 6409 and "determined that the proposal does not qualify as an eligible facility" because "[p]ortions of Verizon's proposed cell site, which includes the backup generator, will be farther than 30 feet from T-Mobile cell site," Dkt. # 39-8. A string of subsequent e-mails between Eaton and Colten followed, in which Colten expressed that Verizon felt its application was eligible as an EFR and Eaton repeatedly stated that City had determined Verizon's application did not qualify as an EFR under § 6409 and was instead being considered under § 332(c)(7). *See PSUF* ¶¶ 7–10; *DSGIMF* ¶¶ 7–10; *DSUF* ¶¶ 23–24; *PRDSUF* ¶¶ 23–24; *Colten Decl.* ¶¶ 13–15, 17; Dkts. # 39-9, 39-10, 39-11, 39-13.

On September 8, Eaton sent Colten an e-mail proposing that City and Verizon enter a tolling agreement to "work out whether [Verizon's application] qualifies as an EFR." *PSUF* ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

11; *DSGIMF* ¶ 11; *Colten Decl.* ¶ 18; Dkt. # 39-14. However, neither Eaton's e-mail nor the tolling agreement stated that City had reversed its determination that Verizon's application did not qualify as an EFR. *See* Dkts. # 39-14, 39-15. Instead, the tolling agreement acknowledges a "good faith disagreement between" the parties "as to whether Verizon submitted an EFR, and which permitting process and shot clock time period applies to Verizon's application." Dkt. # 39-15. The parties executed the tolling agreement, pausing the "shot clock" for Verizon's application until November 30. *PSUF* ¶ 13; *DSGIMF* ¶ 13; *DSUF* ¶¶ 34–35; *PRDSUF* ¶¶ 34–35; Dkt. # 39-15. By the time the agreement expired, several issues involving Verizon's application remained unresolved, and Eaton and Colten continued to exchange e-mails about the application. *See PSUF* ¶¶ 14–19; *DSGIMF* ¶¶ 14–19; *DSUF* ¶¶ 47–51; *PRDSUF* ¶¶ 47–51.

On December 28, as a result of Verizon's belief that City had failed to approve or deny Verizon's application, Verizon sent City a written notice that Verizon's application was "deemed granted" under § 6409 and 47 C.F.R. § 1.6100(c)(4). *PSUF* ¶¶ 21–22; *DSGIMF* ¶ 22; *DSUF* ¶ 54; *PRDSUF* ¶¶ 53–54; Dkt. # 39-20. City did not file suit within 30 days of receiving this notice. *PSUF* ¶ 24; *DSGIMF* ¶ 24. According to City, Verizon's deemed granted notice "was improper" because City had already denied Verizon's EFR application. *DRPSGD* ¶ 40.

After nearly two months of continued discussions between Eaton and Colten regarding Verizon's application, *DSUF* ¶ 55; *PRDSUF* ¶ 55, Verizon sued City in this Court on February 26, 2021, pressing one cause of action for violation of § 6409(a) of the Spectrum Act and seeking a declaration that Verizon's EFR application is deemed granted, among other relief. *See generally* Dkt. # 1. Now, almost five months later, Verizon and City have filed cross-motions for summary judgment on Verizon's claim. *See generally Verizon Mot.*; *City Mot.* For the reasons provided below, the Court **DENIES** Verizon's motion and **GRANTS** City's motion.

II.   Judicial Notice

City filed a request for judicial notice of several items, including a copy of the building permit for the property at issue, portions of the Malibu Municipal Code, and portions of the Malibu Local Coastal Program Local Implementation Plan and Land Use Plan. *See generally* Dkt. # 40-3.

These items are publicly available as matters of public record, and thus their contents can be accurately and readily determined without reasonable dispute. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that courts "may take judicial notice of . . . matters of public record"); *CollegeSource, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

*AcademyOne, Inc.*, 709 F. App'x 440, 442 n.1 (9th Cir. 2017) (same).  Additionally, Verizon does not oppose City's request for judicial notice.

Accordingly, the Court **GRANTS** City's request for judicial notice.

III.   Legal Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a).  Grant of summary judgment is proper if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case.  *See id.*  If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

At the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence, but it draws all reasonable inferences in the light most favorable to the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987).  The parties' evidence must be capable of being presented at trial in a form that would be admissible in evidence.  *See* Fed. R. Civ. P. 56(c)(2).  Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.  *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

IV.   Discussion

The Court considers in turn (A) whether City denied Verizon's EFR application; (B) the validity and effect of Verizon's deemed granted notice; and (C) whether Verizon's suit is time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

A. City's Denial of Verizon's EFR Application

Verizon argues that City never properly denied its EFR application because (i) City did not issue a clear and definitive written denial from the appropriate City official and (ii) City indicated that Verizon's application was incomplete and that City had not reached a final decision as to the application. The Court first determines that City denied Verizon's EFR application in writing and then addresses Verizon's contentions that City otherwise indicated it had not denied the application.

*i. Written Notice of Denial*

Verizon asserts that "[t]he record demonstrates that no one at the City—much less the appropriate official—ever issued a clear, final, or unequivocal written denial" of its EFR application. *Verizon Mot.* 18:3–6. The Court disagrees.

If a locality "determine[s] that the proposed modification is not covered by the FCC's Order implementing Section 6409(a)," the locality may deny the application. *Montgomery Cnty. v. F.C.C.*, 811 F.3d 121, 127 (4th Cir. 2015). Localities "must provide reasons in writing when they deny applications," but the reasons for denial need not be provided in any particular document or format. *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 303, 307 (2015). The locality is not required to provide reasons in the same document giving written notice that it is denying the application—instead, it "must provide or make available its written reasons at essentially the same time as it communicates its denial." *Id.* at 295, 304.

Contrary to Verizon's assertion, the record shows that City provided a written denial of Verizon's EFR application. The parties agree that Verizon's application did not state that it qualified as an EFR or that Verizon was seeking review under § 6409, but that on July 15, 2020, Colten sent an e-mail and letter to Eaton requesting that the application be processed as an EFR under § 6409. *DSUF* ¶ 6; *PRDSUF* ¶ 6; *Colten Decl.* ¶¶ 1, 4, 11; Dkt. # 39-7. On July 20, Eaton replied with an e-mail stating, in relevant part:

> After review of your 6409 eligibility request, and in discussions with our consultants, we have determined that the proposal does not qualify as an eligible facility. Rather, it is a new collocation under 47 USC 332c7 and subject to a 90 day shot clock, and the City's wireless rules. Portions of Verizon's proposed cell site, which includes the backup generator, will be farther than 30 feet from T-Mobile cell site. Due to this

Case 2:21-cv-01827-PSG-PVC   Document 48   Filed 10/07/21   Page 8 of 14   Page ID #:1001

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

reason we are still requesting the following items as the application remains incomplete . . .

Dkt. # 39-8; *see also Colten Decl.*, ¶ 12.

The Court finds that Eaton's July 20 e-mail provided written notice to Verizon that City determined Verizon's application was not covered by § 6409, well within 60 days of Verizon submitting its application on June 16, and only five days after Verizon requested that the application be reviewed as an EFR under § 6409. *See* 47 C.F.R. § 1.6100(c)(2); 2020 Ruling ¶ 16.

Eaton's July 20 e-mail provided at least one reason, in writing, why City was denying Verizon's EFR application: because portions of the proposed facility would be more than 30 feet away from the existing T-Mobile site. *See* Dkt. # 39-8. Although the e-mail did not explicitly spell out that the application did not qualify as an EFR because it would "substantially change the physical dimensions" of the existing base station by deploying equipment more than 30 feet outside of the current site, *see* 47 U.S.C. §1455(a)(1); 47 C.F.R. § 1.6100(b)(3), (b)(7), the Supreme Court has explained that reasons for denial "need not be elaborate or sophisticated," as long as they are "clear enough to enable judicial review." *T-Mobile S., LLC*, 574 U.S. at 302–03. The Court finds that Eaton's July 20 e-mail provided a sufficiently clear reason for the denial of Verizon's EFR application to enable judicial review.

The Court is not swayed by Verizon's reliance on an out-of-circuit case that found a locality's communication did not constitute denial of the relevant EFR application. *See Bd. of Cnty. Commr's for Douglas Cnty. v. Crown Castle USA, Inc.* (*Douglas Cnty.*), Case No. 18-cv-03171-DDD-NRN, 2020 WL 109208 (D. Colo. Jan. 9, 2020). In *Douglas County*, the locality's staff communicated to the applicant that because the proposal "d[id] not meet the approval standards," they recommended that the applicant consider alternative designs or locations. *Id.* at \*5. The court found that while this communicated that the locality "would not approve the application in its current form," it did not constitute a denial of the application but rather an invitation to amend and resubmit, particularly as the staff did not use the locality's form "specifically designed to either deny or approve applications." *Id.* at \*5. Here, in contrast, Verizon acknowledges that "City does not have specific forms for submitting EFR applications or for rendering decisions about them." *Verizon Mot.* 21:2 n.6. Moreover, Eaton's July 20 e-mail more clearly stated that City had reviewed Verizon's application and determined that it *did not qualify* as an eligible facility under § 6409 but rather was subject to the collocation rules

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

of § 332(c)(7). *See* Dkt. # 39-8. Although the e-mail did not use the words "deny" or "denial," that is not determinative. *See Douglas Cnty.*, 2020 WL 109208, at *5.

Verizon next argues that Eaton was not authorized to provide a final decision on its EFR application and that this is "dispositive" in showing City did not issue a proper denial. Pointing to provisions of the Malibu Municipal Code ("MMC") and Local Coastal Program Local Implementation Plan ("LIP"), which provide that "[t]he determination of whether or not a proposed facility meets the requirements for an exemption is at the discretion of the planning manager," Verizon argues that Eaton was not designated with authority to issue a final decision on its EFR application. *See Verizon Reply* 11:16–27; *Verizon Opp.* 7:1–4, 11:16–12:4, 22:3–23:6; Dkt. # 41-2, Exs. C, D. The Court is unconvinced.

First, as City points out, *see City Reply* 4:13–17, Verizon provides no authority to support the notion that a locality's denial must be issued by a particular official.[2] Second, City has provided sufficient evidence to support that Eaton was authorized to provide the final decision on Verizon's EFR application. City cites provisions of the MMC and LIP clarifying that the terms "director" or "manager" refer to either the planning director (or, formerly, planning manager) or "his or her designated appointee." *See Reply* 3:24–4:1 (citing Malibu Mun. Code § 17.02.060; Malibu Local Coastal Program Local Implementation Plan § 2.1). City asserts that, as an assistant planner for City, Eaton "is a designated appointee of the City's Planning Director." *See id.* 4:1–2. Further, City provides a declaration from Richard Mollica stating that he has been employed as City's Planning Director since October 2020; that, in this role, he has always delegated authority to Eaton to "take any and all related actions to wireless/telecommunications facility applications" as one of his designated appointees; and that he understands, based on his role at the time, that City's former planning director "similarly delegated authority to Mr. Eaton, as a delegated appointee of the Planning Director, as related to all actions taken on [Verizon's] Application." *See Declaration of Richard Mollica*, Dkt. # 44-2 ¶¶ 2, 6, 9. This sufficiently demonstrates that Eaton was authorized to provide a final decision on Verizon's EFR application, and Verizon has not set forth evidence showing there is a genuine dispute of material fact on this ground. *See Anderson*, 477 U.S. at 248.

Although Verizon disputes that Eaton's July 20 e-mail constituted a denial of its EFR application, it does not dispute the contents of the e-mail or that the e-mail was in fact sent to its

---

[2] Although Verizon cites *T-Mobile S., LLC*, 574 U.S. 293 to support its claim that a written denial must be "issued by an authorized City official," the Supreme Court included no such limitation.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

representative, Colten. *See PRDSUF* ¶¶ 20–21; *PSUF* ¶ 6. The Court finds Verizon's legal arguments regarding whether the e-mail constituted a proper denial unavailing, and Verizon has not otherwise shown that there is a genuine dispute of material fact about the e-mail.

Thus, the Court finds that, as a matter of law, City denied Verizon's EFR application in writing through Eaton's July 20 e-mail to Colten.

*ii.     Indications That City Had Not Denied Verizon's Application*

Despite having received Eaton's July 20 e-mail, Verizon maintains that City indicated it had not denied the application because (1) City stated the application was incomplete, (2) City proposed a tolling agreement to allow more time for the parties to come to agreement about the application, and (3) City admits that it has not reached a final decision as to the application. *See Verizon Mot.* 18:13–22:4. The Court considers and rejects each argument in turn.

*1.     City's Statements That the Application Was Incomplete*

Verizon claims that City repeatedly stated that the EFR application was incomplete, and thus the application was not denied. *See Verizon Mot.* 19:6–10, 21:7–8. City counters that Verizon conflates its determination that the application was incomplete for purposes of § 332(c)(7) with a determination that Verizon's EFR application was incomplete under § 6409(a). *City Opp.* 17:1–3; *City Reply* 1:20–2:4. The Court agrees.

The very e-mails Verizon cites as evidence of City's assertion that the EFR application was incomplete repeatedly confirm that City determined the application did not qualify as an EFR and that City was instead processing the application under § 332(c)(7). Eaton's July 20 e-mail stated that City had determined Verizon's application did not qualify as an eligible facility under § 6409 but was rather "a new collocation" under § 332(c)(7), thus subject to a 90-day time limit and "City's wireless rules." *See* Dkt. # 39-8. The e-mail requests additional items, including copies of previously issued Coastal Development Permits, "as the application remains incomplete." *Id.* And while Eaton's July 29 e-mail to Colten similarly states that "this application remains incomplete," it also explains that "the site is being reviewed as a co-location of a new wireless facility and not an upgrade and is therefore subject to the City requirements listed" in Eaton's e-mail, including the need to provide copies of the Coastal Development Permits. *See* Dkt. # 39-10. Furthermore, Eaton's August 27 e-mail to Colten states that after a "fourth review of the project" and further discussion with City's consultants, "it has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

confirmed that the site still does not qualify for a 6409 exemption and will be subject to a Coastal Development Permit." *See* Dkt. # 39-13.

Although the e-mails do not explicitly state that the application remains incomplete as an application under § 332(c)(7), it is not reasonable to infer that the references to the application being incomplete mean that the EFR application remained incomplete because each e-mail states that the application does not qualify under § 6409 and that City is instead considering the application under § 332(c)(7), before proceeding to request items required under a § 332(c)(7) application. Thus, the record does not support that City somehow revoked its July 20 denial of the EFR application by implying that the EFR application was incomplete.[3]

2. *City's Proposed Tolling Agreement*

Verizon next argues that City's proposal for the parties to enter into a tolling agreement demonstrates that Verizon's EFR application remained pending and thus had not been denied. *See Verizon Mot.* 18:13–19:2. The Court is unconvinced.

Verizon points to one e-mail from Eaton that, taken alone, might imply that City had not denied the EFR application. Eaton's September 8 e-mail to Colten states that City was "requesting a short, 30-day tolling agreement as we work out whether this qualifies as an EFR." Dkt. # 39-14. However, it is not clear that the "we" referenced means that City was still determining whether the application qualified as an EFR; rather, the "we" might refer to both parties, as Verizon continued to dispute City's denial of the application as an EFR. Moreover, by then, City had already repeatedly notified Verizon in writing that City had determined the application did not qualify as an EFR. Verizon does not assert that the September 8 e-mail was somehow a revocation of City's denial of its EFR application, or that such a process for revoking application denials exists.

The tolling agreement itself underlines that City was not in doubt about its determination that the application did not qualify as an EFR: it points to the "good faith disagreement" between the parties "as to whether Verizon submitted an EFR, and which permitting process and shot

---

[3] Again, Verizon's reliance on *Douglas County* is unavailing, as the court there determined that "after a few months of back and forth," the locality never properly denied the application, *see* 2020 WL 109208, at *1, whereas, here, City denied Verizon's application as an EFR on July 20 and then proceeded to engage in back-and-forth communications with Verizon about the viability of the application under § 332(c)(7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

clock time period applies" to the application. *See* Dkt. # 39-15. Although the agreement states that the parties needed additional time to determine whether they could "agree on the proper statutory structure under which to process" the application, *see id.*, when considered alongside the extensive evidence in the record that City had by then determined that Verizon's application did not qualify as an EFR and instead invited Verizon to proceed under § 332(c)(7), it does not imply that City was reconsidering its denial of the application as an EFR. Thus, even viewed in the light most favorable to Verizon, it is not reasonable to infer that Eaton's September 8 e-mail revoked City's previous denial of Verizon's EFR application.

                3.      *City's Purported Admission That It Never Gave a Final Decision*

Finally, although Verizon claims that City's answer admitted that a final decision had not been reached on its EFR application, *see Verizon Mot.* 18:20–22, City's answer does not state as much. The paragraph Verizon cites first discusses the timeframe for review of an application under § 332(c)(7) and then states, "The 90-day shot clock for Verizon's collocation application under 47 C.F.R. § 1.6003(c)(1) has not yet expired and City has yet to render its final decision on WCF 20-013." *See* Dkt. # 17 at 13. Section 1.6003(c)(1) provides a 90-day shot clock for reviewing applications for new collocations under § 332(c)(7), not the 60-day shot clock applicable to EFR applications. *See* 47 C.F.R. § 1.6003(c)(1)(ii). While WCF 20-013 is the case number assigned to Verizon's application, *see PSUF* ¶ 3, this statement does not suggest that City had not reached a final decision on the application *as an EFR*. Even in the light most favorable to Verizon, it is not reasonable to infer that this isolated clause from City's answer constitutes City's admission that it has yet to render a final decision as to whether Verizon's application qualifies as an EFR. This is particularly so because Verizon cherry-picks the clause "City has yet to render its final decision on WCF 20-013" from a sentence that cites regulations that do not apply to EFR applications and that follows a sentence stating that localities can review applications under § 332(c)(7) if they determine that § 6409(a) does not apply. Contrary to Verizon's claim, it is clear that City's statement that it "has yet to render its final decision" refers to the application for purposes of § 332(c)(7), not § 6409.

The Court accordingly rejects Verizon's various arguments that City indicated that Verizon's EFR application remained incomplete, pending, or undecided after City sent Verizon a written notice denying the EFR application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

B.  Verizon's Deemed Granted Notice

Verizon argues that City never properly denied its application, so the application was deemed granted after the 60-day shot clock expired, and City waived its objections by not suing within 30 days of receiving the deemed granted notice. *Verizon Mot.* 23:21–27; *Verizon Opp.* 16:10–18:6. The Court disagrees.

Verizon relies on *Douglas County* for the notion that a deemed granted letter "force[s] the [locality] to decide whether to sue to block the changes" involved in the application or accept that the application is deemed granted. *See Verizon Mot.* 16:20–22 (citing 2020 WL 109208, at *7). But *Douglas County* is distinguishable: there, the locality had never actually denied the application, and thus the applicant was able to use the deemed granted procedure once the shot clock expired. 2020 WL 109208, at *7. Here, by contrast, City was not forced to either sue within 30 days of receiving Verizon's deemed granted notice or accept that the application was deemed granted, because City had denied Verizon's EFR application well within the 60-day time period for review. *See id.*; 47 C.F.R. § 1.6100(c)(4) (explaining that an application is deemed granted if "the reviewing State or local government *fails to approve or deny a request* seeking approval . . . within the applicable timeframe for review") (emphasis added).

Therefore, because City had previously denied Verizon's EFR application, the application was not later "deemed granted" by operation of Verizon's misguided deemed granted notice.

C.  Timing of Verizon's Suit

City argues that it is Verizon who missed its opportunity to file suit to challenge City's determination that the application did not qualify as an EFR. *City Opp.* 17:11–18:11; *City Mot.* 25:24–26:7. The Court agrees.

"Applicants subject to adverse decisions by local governments" regarding EFR applications may bring claims "within 30 days of such decision." *T-Mobile W. LLC v. City & Cnty. of S.F.*, No. 20-cv-08139-SI, 2021 WL 1056788, at *1 (N.D. Cal. Mar. 18, 2021) (citing 47 U.S.C. § 332(c)(7)(B)(5) and 47 C.F.R. § 1.6100(c)(5)). Thus, a locality's denial of an EFR application "triggers the 30-day deadline" to bring suit. *Douglas Cnty.*, 2020 WL 109208, at *5–6 (citing 2014 Order ¶ 236).

Verizon concedes that a valid written denial of its application "would trigger Verizon's time to sue to challenge any such denial," but claims that since it believed its application was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1827 PSG (PVCx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Los Angeles SMSA Limited Partnership v. City of Malibu | | |

never denied, it had no occasion to sue. *See Verizon Mot.* 18:3–6; *Verizon Reply* 10:24–13:1. However, the Court has determined that City did issue a written denial of Verizon's EFR application on July 20, 2020. This denial thus triggered the 30-day time period in which Verizon had the option to sue to challenge City's denial of its application. *See* 47 C.F.R. § 1.6100(c)(5); 2014 Order ¶ 236. This option expired on August 19. Thus, even if Verizon's application could qualify as an EFR, Verizon missed its opportunity to challenge City's denial of the application by waiting more than seven months to file suit after receiving written notice of the denial.

Because City denied Verizon's EFR application less than 60 days after the application was filed and Verizon did not bring suit to challenge the denial within 30 days, the Court does not reach the parties' extensive arguments regarding whether Verizon's application qualifies as an EFR.

Accordingly, the Court finds that City is entitled to judgment as a matter of law on Verizon's claim for violation of § 6409(a) of the Spectrum Act. The Court thus **GRANTS** City's motion for summary judgment and **DENIES** Verizon's motion for summary judgment.

V.   Conclusion

For the foregoing reasons, the Court **DENIES** Verizon's motion for summary judgment and **GRANTS** City's motion for summary judgment. This order closes the case.

**IT IS SO ORDERED.**